# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.
JASON BUI,
KHANE SISONGKHAM                                   Case No. 09-Cr-91
 a/k/a TOO SHORT,
OSCAR RODRIGUEZ, JR.,
ALBERTO E. RODRIGUEZ and
DERRICK L. WEAVER,

    Defendants

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE CHARLES N. CLEVERT RE: DEFENDANT ALBERTO RODRIGUEZ' MOTION TO SUPPRESS THE FRUITS OF DEFECTIVE SEARCH WARRANT

## NATURE OF CASE

On April 7, 2009, a federal grand jury sitting in this district returned a two-count indictment against the above-named defendants and a four-count superseding indictment against the defendants was returned on May 5, 2009. All of the defendants are charged in Count One with conspiracy to possess with intent to distribute and distribution of a controlled substance containing marijuana, a Schedule 1 controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. All the defendants, with the exception of defendant Derek Weaver are charged in Count Two with possessing with intent to distribute a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) "and *Pinkerton v.*

*United States,* 328 U.S. 640 (1976)" (sic).[1] Defendant Alberto E. Rodriguez is charged in Count Three with possession with intent to distribute a mixture and substance containing marijuana and he is charged in Count Four with possession with intent to distribute a mixture and substance containing cocaine.

## MOTION TO SUPPRESS
## FRUITS OF DEFECTIVE SEARCH WARRANT

Defendant Alberto Rodriguez (defendant) filed a motion to suppress the fruits of a defective search warrant. (Docket #34). The defendant appeared to be raising several issues in his motion. "The search warrant in this case is defective in that it does not expressly state what the officer believes he will be able to find and is authorized to seize, except the items he described as having seen." (Notice of Motion and Motion to Suppress Fruits of Defective Search Warrant at 2). The defendant cites Groh v. Ramirez, 540 U.S. 551 (2004),[2] in support of his position. He also maintains that the search of the duffle bag was illegal. Id.

Although the defendant moved for suppression based on an allegedly defective search warrant for his residence, he also added in his memorandum that he sought suppression of any contraband, safes or currency found in his father's residence. He stated that even if the affidavit in support of the search warrant contained probable cause for the search and the warrant was validly issued, the search warrant "did not permit Mr. Rodriguez's father's residence to be searched" and "did not specifically allow for suitcases at his father's residence

---

[1] This case actually was decided in 1946.

[2] In Groh, 540 U.S. at 557, the Court held that a search warrant that utterly failed to describe the persons or things to be seized was invalid on its face, notwithstanding that the requisite particularized description was provided in the search warrant application. 540 U.S. at 557. Thus, the Court found that the warrant failed to meet the particularly requirement of the Fourth Amendment.

- 2 -

to be searched." Id. at 3. Thus, the focus of the defendant's motion was on the search warrant issued for his residence on April 9, 2009.

This case has a protracted and somewhat unusual procedural history. By way of background, on April 9, 2009, law enforcement officers with the Manitowoc, Wisconsin Metro Drug Unit and the federal Drug Enforcement Administration (DEA) went to the defendant's residence to execute an arrest warrant for him. During the arrest, the officers conducted a protective sweep of the residence. Based on the drugs observed in the residence, a search warrant was sought and issued by Manitowoc County Circuit Judge Darryl W. Deets on April 9, 2009. The search warrant authorized law enforcement officers to search the residence located at 724 N. 10th Street, in Manitowoc, Wisconsin for "Divers, goods, chattels and property, to wit: any controlled substances, prescription drugs, paraphernalia, drug records and financial documents; Possessed for the purpose of evading or violating the laws of the State of Wisconsin and contrary to Section 961.41 of the Wisconsin Statutes." (Search Warrant issued April 9, 2009, at 1). Thus, unlike the situation in Groh, the search warrant itself described with particularity the items to be seized. The search warrant, by its terms, did not authorize the search of the residence of the defendant's father, Oscar E. Rodriguez, located at 925 N. 40th Street in Manitowoc, Wisconsin.

On May 20, 2009, the court held an evidentiary hearing on the issue of whether the duffle bag found in the defendant's residence at the time he was arrested was open or closed. At the hearing, the court attempted to clarify the scope of the defendant's suppression motion. As noted, the defendant's motion as submitted focused on the fact that search warrant for his residence did not permit either his father's home or the suitcases therein to be searched. See Id. After some discussion, counsel for the defendant stated that he also independently was

- 3 -

raising the issue of an illegal search of his client's property located in his father's home. Counsel for the government properly pointed out that this issue was not raised in the defendant's motion to suppress and, therefore, she was not prepared to address that issue at the hearing.

Based on the evidence presented at the May 20, 2009, hearing, the court orally found that the duffle bag was open when observed by the officers and the contents were in plain view. The court based this conclusion on the testimony of Drug Enforcement Administration (DEA) Agent Bernard Bolf, who participated in the arrest of the defendant pursuant to an arrest warrant. He testified that he conducted a protective sweep of the residence and, as part of the protective sweep, he opened the door to the northeast bedroom and entered the room with Special Agent Mike Sasse of the Wisconsin Department of Justice, Division of Criminal Investigation. When they entered the room, Agent Bolf testified that they "were hit by an overpowering smell of marijuana in that room." (Tr. 12).

Special Agent Bolf saw a duffle bag in the middle of the room which was very cluttered. The flap of the duffle bag was open about three quarters of the way. He observed gallon-sized zip lock bags consistent with the packaging of pounds of marijuana in the bag. He did not see any plant-like material in the bags. Agent Bolt bent down and determined that the marijuana smell was coming from the open bag. He did not touch or open the duffle bag.

A "minute" or "two minutes later" Lieutenant Dave Remeker of the Manitowoc County Sheriff's Department and head of the Manitowoc Metro Drug Unit entered the bedroom. (Tr. 14). When he had entered the residence, Lieutenant Remeker was briefed that there might be marijuana in one of the bedrooms. At that time, the residence had been secured. Lieutenant Remeker also noticed an "extremely strong" smell of marijuana when he entered

- 4 -

the bedroom. He testified that it was "probably the strongest odor [he] ever smelled of fresh marijuana." (Tr. 23). He shined his flashlight into the duffle bag and noticed numerous clear plastic zip lock bags in the duffle bag. Upon a closer look, Lieutanant Remeker saw "very small residue like a green vegetable plant residue that was in some of the bags." (Tr. 24-25). Lieutanant Remeker did not open the bag, although he may have touched the bag with the flashlight or his foot. He and Special Agent Bolt also observed a small amount of suspected marijuana in the living room while they were in the residence. A search warrant was then obtained.

At the hearing, after concluding that the duffle bag was open and in plain view, the court set a schedule to allow the parties to brief the issues of the protective sweep of the defendant's residence and the search of the suitcases and safe at the defendant's father's home. The parties also were to advise the court if an evidentiary hearing on these issues was warranted.

By letter filed May 25, 2009, counsel for the defendant advised the court that he and government counsel agreed that no evidentiary hearing was necessary on the seizure of $70,000 taken from a safe in the defendant's father's residence. Rather, counsel stated that the parties agreed to the facts contained in three pages of police reports relating to the search and seizure of certain evidence at the defendant's father's residence.

The police reports show that on April 9, 2009, at approximately 5:00 p.m., law enforcement officers went to the residence of the defendant's father and obtained consent to search a bedroom from Lois A. Herman, Oscar E. Rodriguez's girlfriend, who resided at the residence with the defendant's father. See Drug Enforcement Administration Report of Investigation dated April 20 2009, at 2, attached to the June 2, 2009, letter of defendant's

counsel to the court. (Docket #66). The bedroom contained suitcases belonging to the defendant. There is no indication that the officers conducted a search of the defendant's father's entire residence.

On June 2, 2009, the court conducted a telephone conference with counsel for the parties to address the issue of the protective sweep which the defendant raised as a result of the evidence presented at the first hearing. The defendant asserted that the actions of the officers when they arrested the defendant at his residence exceeded the scope of a proper protective sweep. During the conference, the parties confirmed that the search of the suitcases and safes in the defendant's father's residence presented a legal issue to be resolved by the court. Since the issue of the protective sweep was not raised in the defendant's motion and, therefore, the government had not presented testimony on this issue, the court held a supplemental evidentiary hearing on June 25, 2009.

DEA Special Agent Bolf and Lieutenant Remeker testified at the June 25, 2009, evidentiary hearing. At the conclusion of the hearing and for the reasons stated on the record, the court found that the protective sweep was conducted appropriately. The court also observed that, despite seeing marijuana in plain view, the officers sought and obtained a search warrant for the residence. The court stated that it would recommend to the United States district judge that the defendant's motion to suppress fruits of a defective search on all possible issues, with the exception of the search of the safe and suitcases conducted on April 9, 2009, at the residence of the defendant's father be denied. As to that issue, the government was directed to file a response to the defendant's challenge to the $70,000 seized from the search of the suitcases and safes.

By letter filed on June 25, 2009, counsel for the government stated that she had conferred with the law enforcement officers who spoke with Ms. Herman prior to the search of the her and the defendant's father's residence. Based on the information, the government stated that the "safes were locked, [the girlfriend] did not have a key and there was no evidence conveyed to the officers at the time of the search that the safes had been abandoned." (Letter of the government to the court filed on June 25, 2009, at 2). Accordingly, the government stated that, based on the facts and the relevant case law, "it does not appear that the search of the safes can stand." Id.

Therefore, the last remaining issue – the search of the suitcases and safes – has been resolved. Thus, for the reasons stated herein and on the record at the two evidentiary hearings, this court recommends that the United States district judge enter an order denying the defendant's motion to suppress the fruits of defective search. (Docket #34).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Alberto E. Rodriguez, Jr.'s motion to suppress fruits of defective search warrant (Docket #34).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case.

Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2009.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge